Per curiam:

Motions have been filed by both parties asking to be allowed to file what are termed exceptions to the court’s findings of fact and conclusions of law.
After the rendition of the original judgment in this case there were motions for a new trial and to amend the findings. In these motions there were many requests for findings which had not been asked at or before the trial. Notwithstanding this, they were considered and new findings were filed. To these amended findings the plaintiff filed voluminous objections, many of which were repetitions of those already acted upon, and again asked for amendments and a new trial. The court again gave these requests consideration and again made some amendments of its findings and conclusion. The exceptions which are now asked to be filed are in large measure a reproduction of the “ exceptions ” filed with the last motion to amend the findings. We do- not think they have any proper place in the record on appeal. The motions are most unusual and are suggestive of a departure in the practice as it has existed for a long time. The plaintiff calls our attention to some expressions in the opinion in Société Anonyme case, 224 U. S. 309, which it is urged sustain the view that the record in the Supreme Court should show exceptions or objections to findings if a party is not to be bound by them. But these exceptions do not constitute a part of the record which, upon appeal, is required to be certified to the Supreme Court. *106 Eule 1, promulgated at tlie December term. 1865 (3 Wall. VII), contains in one of its sections a statement that appeals would be heard “ upon the following record and none other'1'’ [italics ours], and then follows a statement of what the record shall contain. An addition to the rules Avas promulgated in 1869 by rules 4 and 5 (9 Wall. VII). Eule V as then promulgated is important in this connection because it apparently had in view a practice that Avas later changed. It originally provided that either party could submit to this court a written request to find specifically as to the matter of fact AAhicli such party might deem material to the judgment in the case, and that “ if the court fails or refuses to find in accordance with such prayer, then such prayer and refusal shall he made a part of the record, certified on the appeal ta this court.” But ten years after this rule Avas promulgated a substitute for it Avas promulgated (see 97 U. S. II), Avliich not only omitted the AA-ords Ave have italicized but changed the effect of the rale itself. Prior to this substitution there had been promulgated on October 27, 1873 (17 Wall. XVII), an amendment to Eule I, Avhich struck out the AA’hole of clause 2 thereof, adopted in 1865, and inserted in lieu thereof the folloAving:
“ 2. A finding by the Court of Claims of the facts in the case established by the evidence in the nature of a special verdict, but not the evidence establishing them; and a separate statement of the conclusions of law upon said facts, on which the court founds its judgment or decree. The finding of facts and conclusions of laAv to be certified to this court as a part of the record.”
The rales as thus changed have continued until the present time. It is manifest that much significance attaches to' the change of original Eule V, because the substitute for it contemplates the omission from the record on appeal of matters specifically required by the original rule. Eeasons for the change of the rule were stated by Chief Justice Bichardson, speaking for this court in the year 1885 in Union Pacific Ry. Co. case, 20 C. Cls. 508, 513, as follows:
“After several years’ trial, experience proved that the practice under the old Eule V led to great difficulties and embarrassments without contributing in any degree to the *107 better presentation of the case. The requests for findings of fact filed by the, parties were often so diffuse in language and so interspersed with irrelevant matter, evidence, and propositions of lave, either directly or inferentially, that a satisfactory finding or ruling upon each one separately could not well be made, and if made, its bearing upon the case, as presented by the findings of the court, drawn with reference to each other and all property connected together, was difficult to ascertain.
‘‘Accordingly the Supreme Court changed that rule several years ago (January 29, 1879).”
In this same case Chief Justice Richardson states the practice which prevailed, and continues in this court, with regard to requests for findings of fact. Speaking of the motion therein to incorporate the requested findings in the record on appeal, he made a statement which seems pertinent to the “exceptions” under consideration:
“ In our opinion the Supreme Court would not undertake to compare the findings of this court with the voluminous requests of the parties (embracing more than eighty printed pages) for the purpose of determining whether or not we had covered the whole ground, .and therefore would not sanction the sending up of such a mass of useless matter.
“In the case of De Groot (5 Wall. 419, and 7 C. Cls. 5), Mr. Justice Miller, speaking for the court, said: ‘ We take this occasion to say that we shall adhere strictly to the rules we have prescribed, and shall regard no other matter found in the transcripts sent to us than what they allow, and that in proper cases the cost of the useless part of the record will be taxed against the party who brings it here.’ ”
See also Cramp case. 239 U. S. 221, 229; Union Pacific Ry. Co. case, 116 U. S. 402. The case of McClure, 116 U. S. 145, approved in the Cramp case, supra, reviewed some questions relative to this court’s findings, and held that the Supreme Court would not pass iipon the weight of the evidence or remand a case to the Court of Claims if it appeared that the object of the request to have it remanded was to ask the Supreme Court to determine questions of fact on the evidence. In view of these decisions and many others referring; to' the effect of the findings of fact, we think the plaintiff misconceives the meaning to be ascribed to the language in the Supreme Court’s opinion above mentioned (224 U. S. 309, 330). Indeed, following the language which plaintiff *108 quotes, the statement that “ the finding determines the matter, being in the nature of a special verdict of a jury,” would seem to demonstrate the fallacy of plaintiff’s contention. If the findings are to bei treated as a special verdict, it is difficult to see how an “ exception ” to particular findings can avail anything unless it leads to a review of evidence by the Supreme Court. Whether this should be done it is not for us to determine. It may be added, however, that many of the requests for findings filed by parties are not free front the infirmities spoken of by Chief Justice Richardson in the case above mentioned decided in 1885.
Holding these views, we could refuse the motions; but a refusal to file the exceptions might prejudice the rights of parties, if they are entitled to the allowance of the motions. We have accordingly allowed the exceptions to be filed. The record on appeal, however, will be made up and certified as prescribed in the rules as they have been interpreted.